Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>GEORGE NERA,<br><br>and<br><br>MARY LOU NERA,<br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 2-09-BK-08831 PHX CGC<br><br>**TRUSTEE'S RECOMMENDATION ON AMENDED PLAN**<br><br>(No hearing) |

The Trustee has reviewed the (fourth) Amended Plan, filed March 3, 2010.

The Trustee notes the following problems, which must be resolved before recommending confirmation of the Amended Plan:

1. The Trustee renews his request for copies of the 2009 federal and state income tax returns, and turnover of the refunds as supplements to the Plan.

2. The Amended Plan is underfunded due to underestimated mortgage arrears, and the diversion of funds for the retention and payment of a nonexempt timeshare property. The debtor must pay a minimum of $9,331.18. In addition, the debtors must also compensate creditors for the spent proceeds from the settled personal injury claim.

3. The Trustee required a copy of the settlement agreement from the personal injury claim, in order to verify the amount to be compensated.

4. The Order Confirming the Plan must clarify the total amount of attorney fees to be paid: $2,200 for the bankruptcy case plus, $1,500.00 for the adversary proceeding.

5. EMC Mortgage has filed an objection to the Amended Plan. The attorney for the Debtor(s) must notify the Trustee if the objection has been resolved or, if the objection is unresolved, file the appropriate motion to get the Court to hold a hearing on the objection. If resolution of the

objection changes Plan funding requirements, the Trustee requires receipt of an amended Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

6. The Amended Plan proposes payment of a secured claim to AAA Car Title Loans who has filed no secured proof of claim. The Trustee requires that the Debtor(s) provide verification of the creditor's security interest by providing him with a copy of the security documents, such as a security agreement, UCC-1, title, deed of trust or the like. Moreover, the Trustee requires that the Order Confirming Plan provide as follows: "The Trustee has authority to pay on the secured debt owed to AAA Car Title Loans even though the creditor has filed no secured proof of claim, but the Plan and this Order are not an informal proof of claim for any creditor."

7. Any Order confirming the Plan must comply with the provisions of the Trustee's Memorandum dated March 19, 1998 (copy enclosed or previously submitted to counsel). The tax years are 2009 and 2010. The time to submit a proposed Order to the Trustee is extended to 15 days after the conclusion of any objection to proof of claim or objection to confirmation.

8. Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at http://www.maney13trustee.com/mcforms2.htm. The order

confirming plan must be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(F) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2009 and 2010 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

**Plan payment status**: The Debtors' interim payments of $858.00 each are current through due date May 29, 2010. Subsequent payments are due each following month. The Trustee reminds the Debtors that they may access case information from the Trustee's office, such as plan payments received, by going to www.13datacenter.com. Then, under the Debtor section, click 'Click Here to get started' and follow the instructions. Also, a debtor may get email notification of docket events by filling out the Bankruptcy Court's Debtor Email Registration Form. The form is available on the Court's website at www.azb.uscourts.gov and then going to Forms and Publications.

SUMMARY

**Pursuant to Local Rule 2084-10, paragraph E.(2), the Debtors must provide the following by July 26, 2010 or the Trustee will lodge an order dismissing the case:**

(a) All information and documents as requested in Items #1, #3, #5 and #6 above; and

(b) Pay to the Trustee the sum of $858.00.

**The Court may dismiss the case without further notice for the Debtors' failure to timely comply with the Trustee's Recommendation.** If the Debtors meet all requirements of the Recommendation and this case remains active, Debtors' counsel must submit to the Trustee for review and signature, a proposed stipulated Order Confirming the Amended Plan, signed by all objecting parties, which incorporates the requirements of this Recommendation, no later than July 26, 2010. The Trustee considers the time for reviewing a proposed Order pursuant to Rule 2084-13(c), L.R.B.P., to begin running when all Recommendation conditions are met.

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | _____ |
| 5 | | Russell Brown<br>Chapter 13 Trustee |
| 6 | | |
| 7 | A copy of this document was<br>mailed on the date signed below to: | |
| 8 | | |
| 9 | | |
| 10 | George and Mary Nera<br>2873 W. Haley Drive<br>Anthem, AZ 85086 | |
| 11 | Debtor(s) | |
| 12 | | |
| 13 | Joseph W. Charles<br>P.O. Box 1737 | |
| 14 | Glendale, AZ 85311-1737<br>Attorney for Debtor(s) | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | _____<br>*cherylturner@ch13bk.com* | |
| 19 | | |
| 20 | | |
| ... | | |
| 28 | - 4 - | |